The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of the amount of temporary total disability due plaintiff and some other technical modifications.
Plaintiff's motion for a new hearing to take additional evidence is hereby DENIED. Dr. Dupuy's IME report is hereby ADMITTED as additional evidence.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff Kelly D. Nalley and defendant Sara Lee Knit Products on or about May 12, 1993, the date of the alleged injury by accident.
3. The plaintiff's average weekly wage was $317.20.
4. The issue before the undersigned is whether plaintiff sustained a compensable injury by accident, and, if so, what compensation plaintiff is due as a result.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. The Industrial Commission has jurisdiction of this claim, all parties being properly before the Commission and subject to and bound by the North Carolina Workers' Compensation Act.
2. Plaintiff was born January 30, 1969. She completed the ninth grade.
3. Plaintiff began working for defendant Sara Lee Knit Products around April 7, 1993. As of May 12, 1993, plaintiff was in training to be a knitter. Her duties including running two to three knitting machines, which entailed doffing the rolls of cloth. Doffing is done by cutting the rolls of cloth and removing the full rolls from the machine. Plaintiff would then load these rolls onto a cart. The rolls of cloth weighed around 50 pounds each. Plaintiff is about 5 feet 2 and 1/2 inches tall.
4. On or about May 12, 1993, plaintiff was performing her job, running knitting machines and loading the rolls of cloth onto a cart. She had two rows of cloth rolls stacked on the cart. She could not locate another cart and her supervisor told her to continue stacking rolls onto that one. As she stacked the cart, she had to lift the rolls higher, and as she was loading one of the rolls, she felt pain run down her back.
5. Plaintiff was unable to locate her supervisor, Billy Davis, to report the accident. She reported the accident to the second shift supervisor. Her back pain increased and after work, when she saw her mother, plaintiff was upset and crying. That night she told her husband what had happened.
6. The next day plaintiff was still in pain. She called her employer and told Billy Davis she had hurt her back loading rolls onto the cart the previous day. Davis told her that if it was a work injury, she needed to come in and see the plant nurse, which she did that day.
7. Plaintiff's pain continued to worsen on May 13, so later that day, she went to the emergency room at Cleveland Memorial Hospital, where she reported that she had hurt her back the previous day lifting 50-60 pound rolls of cloth over her head.
8. On May 17, 1993, plaintiff was seen by Dr. Hobart Rogers, an orthopaedic specialist. She told Dr. Rogers that she had severe pain in her back radiating down into her right lower extremity as she was lifting some heavy rolls of cloth five days before. She also told him she had no prior back problems. Dr. Rogers' examination showed limited forward flexion, tenderness in the lumbo-sacral area, and positive SLR on the right at 60 degrees. Dr. Rogers assessed right sciatica secondary to a mild lumbar disk syndrome. He placed her on an anti-inflammatory and Vicodin for pain and released her for light duty, with no prolonged bending, stooping or lifting.
9. Plaintiff attempted to return to light duty. She was assigned tasks such as picking up cones of yarn off the floor and sweeping. The bending and stooping caused pain in her back, and she was unable to complete her work duties in this new position.
10. Plaintiff went to see Dr. Rogers again on August 4, 1993, complaining that she had not improved. Dr. Rogers ordered an MRI. The MRI showed no evidence of disk herniation.
11. Plaintiff continued to complain of back pain and when she was seen again in the emergency room at Cleveland Memorial on October 4, 1993, a CT scan was ordered which showed a possible herniated disk at L5-S1. Plaintiff had not sustained any back injuries subsequent to May 12, 1993 and prior to this visit.
12. Dr. Rogers last saw plaintiff on October 18, 1993, at which time, based upon the recent CT, he suspected a herniated disk. It is Dr. Rogers' opinion that the incident on May 12, 1993 caused her back injury and the symptoms of which she complained. He speculates that the injury may have caused a tear in the annulus, such that over the next few months, the disk protruded out through the tear, which would explain why the herniation was not apparent on the MRI done in August. Dr. Rogers believes further evaluation and treatment is warranted.
13. Plaintiff contacted defendant-carrier and asked if she could undergo the further evaluation Dr. Rogers suggested. Plaintiff was told her claim had been denied and the further medical evaluation would not be covered. Plaintiff was unable to pay for the evaluation herself and never received further medical attention.
14. After plaintiff last attempted to work for defendant on or about May 17, 1993, defendant has never contacted plaintiff about returning to work.
15. From August 1993 to November 1993, plaintiff worked at Ingles supermarket in the bakery. Because of plaintiff's back pain, she was unable to complete the work duties of this position.
16. In March of 1994, plaintiff worked at a job washing microchips for a short amount of time. The job called for plaintiff to stand for long periods of time. Plaintiff was unable to complete the work duties of this position due to the resulting back pain.
17. In September, 1994, plaintiff worked at a job placing wires into hoses for automobile parts. The job called for plaintiff to sit in one place for long periods of time. Because of pain, plaintiff was unable to complete the work duties of this position.
18. On May 12, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment when she was lifting heavy rolls of cloth and felt sudden pain in her back.
19. As a result of her accident of May 12, 1993, plaintiff developed pain in her back and incurred expenses for medical treatment which was reasonably necessary to effect a cure or give relief.
20. As a result of her compensable injury of May 12, 1993, plaintiff is sincerely interested in returning to work; however, the particular job which plaintiff will be able to perform will have to be selected carefully.
21. On or about May 17, 1993, plaintiff attempted to return to work in a position with defendant-employer. As a result of the pain which plaintiff continues to experience as a result of her compensable injury of May 12, 1993, plaintiff was incapable of performing in the position.
22. On or about May 17, 1993, plaintiff, in effect, refused to accept defendant-employer's proffered position. In the opinion of the Commission, because of the pain plaintiff was experiencing, plaintiff's refusal to accept the proffered position was justified.
23. As a result of the compensable injury by accident, plaintiff remains incapable of earning wages with defendant-employer or in any other employment. Defendant-employer has not offered or provided to plaintiff any work which is within her capacity to earn wages. Other than the small amount of days mentioned in this Opinion and Award, plaintiff has not worked since May 12, 1993.
* * * * * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In the opinion of the Industrial Commission, plaintiff's refusal to accept the employment procured for her by defendant-employer was justified. N.C.G.S. 97-32.
2. On May 12, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment when she suffered a specific traumatic incident when, while lifting a heavy bolt of cloth, she felt pain in her back. N.C.G.S. 97-2 (6).
3. As a result of the injury by accident of May 12, 1993, plaintiff has incurred medical expenses which were reasonably necessary to effect a cure or give relief for her back injury. Plaintiff has not reached maximum medical improvement and further medical treatment may be necessary. N.C.G.S. 97-25; N.C.G.S.97-2(19).
4. As a result of the compensable injury by accident on May 12, 1993, plaintiff is disabled from work and is entitled to receive compensation for temporary total disability at the rate of $211.57 per week for the time period beginning May 17, 1993 and continuing thereafter until defendants obtain permission from the Industrial Commission to cease said payments. N.C.G.S. 97-2(6);97-29.
5. Defendants are entitled to a credit for the wages paid plaintiff for her work when she attempted to return to work for defendant-employer as well as for the time spent at the three jobs she briefly attempted after May 17, 1993.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $211.57 per week for the time period beginning May 17, 1993 and continuing thereafter until defendants obtain permission from the Industrial Commission to cease said payments. Amounts which have accrued shall be paid plaintiff, subject to the credit for wages earned and the attorney fee approved hereinafter.
2. Defendants shall pay plaintiff's medical expenses, incurred or to be incurred as a result of her injury by accident of May 12, 1993, for treatment rendered as is reasonably necessary to give plaintiff relief from her back pain.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under paragraph one of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be paid directly to plaintiff's counsel. Consideration and designation of this attorney fee contemplates that counsel for the plaintiff shall continue and is ORDERED to monitor the submission of medical expenses to defendant.
4. Defendants shall pay the costs of this appeal.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________________ COY M. VANCE COMMISSIONER